UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES FRANKLIN SNYDER,<br><br>Plaintiff,<br><br>vs.<br><br>EMMA WILSON, DIANE REMACLE, MELISSA CARR, DIONNE GILLUM, and GLENN ARMSTRONG,<br><br>Defendants. | Case No. 1:26-cv-00089-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The claims in this case arose from Case No. 1:23-cv-00176-DCN ("Case 176"), where Plaintiff James Snyder sued Idaho Department of Correction (IDOC) employees Diane Remacle, Emma Wilson, Melissa Carr, Dionne Gillum, and Glenn Armstrong. In that case, the Court dismissed all claims against all Defendants with prejudice for failure to state a claim upon which relief can be granted with the exception of (1) unripe claims that required Plaintiff to show his conviction had been vacated and (2) a failure-to-protect claim against Carr, which he was permitted to bring in a new action (this one). *See* Case 176, Dkt. 51 at 2.

At the time the Complaint was filed, Plaintiff had been released on parole, had paid the filing fee for this new action, and was not requesting pauper status. The IDOC website currently classifies him as a "parole violator" and suggests he may be

incarcerated in a county jail. *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/133593 (search: Snyder, James) (accessed 9/23/2026).

**REVIEW OF COMPLAINT**

**1. Standard of Law for Review of Complaint**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556.

The Complaint is subject to initial review under the Court's inherent powers. A district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing Wright & Miller, Federal Practice and Procedure, § 1357 at 593 (1969)). To do so, a court must notify the plaintiff of its intent and afford the plaintiff an opportunity respond. *Id*. at 362. A district court has the inherent authority "to dismiss a 'frivolous or malicious' action … even in the absence of [a] statutory provision." *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307 (1989); *see also Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpubl.) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."); *Mills v. Greenville Cty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008) ("[E]ven though the full

filing fee has been paid, the *pro se* and non-prisoner [plaintiff's] claims are also subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.").

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for a procedural defect, lack of a cognizable legal theory, or a failure to plead sufficient facts to support a cognizable legal theory under *Iqbal/Twombly*.

### 2. Eighth Amendment Claims against Melissa Carr

#### A. Standard of Law

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when factual allegations support (1) an objective factor—that the injury or deprivation is "objectively, sufficiently serious"; and (2) a subjective factor—that the defendant had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id*. at 834 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will

result." *Id.* at 835; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Even an obvious and substantial risk of assault by one inmate against another does not result in liability if the defendant official was not subjectively aware of that risk. *Farmer*, 511 U.S. at 844.

A "prison official's duty under the Eighth Amendment is to ensure reasonable safety, not absolute safety." *Martinez v. Field*, No. 1:17-CV-00337-DCN, 2020 WL 2576178, at *7 (D. Idaho May 21, 2020) (unpubl.) (internal quotation marks omitted). "Importantly, general fears about being harmed by a fellow inmate or a prison gang are not enough" to establish an Eighth Amendment violation:

> Inmates have no claim under the Eighth Amendment based on a general unsubstantiated fear of assault by a fellow inmate or by a specific group. Otherwise, courts would be flooded with prisoner litigation. Instead, to satisfy *Farmer*, the prisoner must present evidence of a particularized fear based upon prior threats or upon members of a specific group who have the motive and the ability to commit an assault themselves or through intermediaries.

*Id*. at *8.

B. <u>Discussion</u>

The Complaint includes facts meeting the objective factor for stating a failure-to-protect claim—Plaintiff was severely injured by another inmate. However, he has not stated sufficient facts meeting the subjective factor of deliberate indifference. In an amended complaint, Plaintiff must state how and when Carr had notice that the inmate who injured Plaintiff posed a threat of danger to him prior to the attack. This section of the amended complaint should *not* include information about how she treated other inmates.

Plaintiff must simply state the specific facts of each instance in which Carr personally was warned or observed that the inmate who injured Plaintiff posed a threat.

Plaintiff vaguely alleges that he tried to approach Carr to say something, but she started yelling at him to get out of her office. There is no date attached to this allegation, and no information about what Plaintiff was going to report. Plaintiff should provide all of these facts. In addition, he should state whether he submitted a move request form, an offender concern form, or a grievance about his fear of the inmate who attacked him before the incident happened, and he should attach any such form to his amended complaint.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference the original complaint. An amended pleading completely replaces an original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as nonexistent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

### 2. Claims Against Defendants Whom Plaintiff Sued in Case 176

A. <u>Standard of Law</u>

In federal court, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Claim preclusion applies

when an earlier suit on the same claims between the same parties or privies was adjudicated to a final judgment on the merits or was dismissed with prejudice. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

To determine whether successive lawsuits involve the same claim, courts consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

B. Discussion

In Case 176, Plaintiff was provided with four opportunities to amend his Complaint. He was unable to state a claim, and therefore all ripe claims against all Defendants common to Case 176 and to this case were dismissed with prejudice—meaning they cannot be brought again. These claims (arising between March 2021 and April 2, 2025, when he filed his fourth Amended Complaint) included deliberate fabrication of evidence, creating false record in retaliation for Plaintiff asserting constitutional rights, other retaliation claims arising from his incarceration at the IDOC, discrimination claims, equal protection claims, federal "stigma plus" defamation claims, access to courts claims, legal mail claims, prison housing claims, sexual abuse claims against Wilson, and disciplinary punishment claims against Armstrong. *See* Case 176, Dkt. 51. Judgment was entered in Case 176. Dkt. 52.

The final Order and Judgment in Case 176 preclude Plaintiff from relitigating issues that were or could have been raised in that action against the same Defendants here. The parties are the same, the claims arise from the same imprisonment and the same time frame, and the claims were dismissed with prejudice. The rights of Defendants to be protected by the final judgment would be destroyed if Plaintiff were permitted to proceed in this action against them. The claims all arise from the same transactional nucleus of facts that could have been brought in Case 176. The same evidence would be presented in both.

Therefore, issue and claim preclusion apply. When Plaintiff drafts his amended complaint, it must *not* contain allegations about the Defendants in Case 176 other than claims regarding Carr's alleged failure to protect Plaintiff from the inmate who attacked him. The amended complaint should not contain allegations about alleged falsification of Plaintiff's records, which was litigated in Case 176. The amended complaint should not contain allegations that any person violated state or federal law for falsifying records, that his medications were wrongfully altered, that he was moved 33 times, that he was placed in a rehabilitation program multiple times so that the institution could collect duplicate funding for the same inmate, COVID-19 pandemic lock-down claims, mail-tampering claims, access to courts claims, or any claims that were brought or could have been brought in Case 176, which spanned an incarceration time period between March 2021 and April 2025.

Plaintiff is warned that it is malicious per se to file successive suits "that duplicate claims made in other pending or previous lawsuits." *Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinber*g, 2007 WL 963990, at *12 (D. Wash. 2007)

(malicious suits include those that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims"); *Thomas v. Commonwealth of Virginia*, No. CIV.A. 7:04-CV-00497, 2005 WL 1074333, at *5 (W.D. Va. 2005) (a repetitive lawsuit was frivolous and malicious where the plaintiff was told in his previous suit that he had not stated a claim).

**3. Unnecessary Information in Complaint**

Under Rule 8, a complaint must contain only a short and plain statement of the claims alleged. For example, the screening judge in *Arteaga v. Decker* required an amended complaint to be filed without unnecessary information from the original complaint; that court's description is similar to unnecessary information Plaintiff has included in his Complaint here:

> Plaintiff includes repetitive facts, lengthy explanations, comments about witnesses, justifications for his actions, [and] comments about the Court reviewing the complaint …. The inclusion of such extraneous information in the complaint unduly lengthens and confuses the pleading, making it difficult to ascertain the allegations and the specific claims plaintiff intends to pursue. As a result, the complaint is not short and plain, in violation of Rule 8(a)(2). Therefore, the complaint must be dismissed. *See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of incomprehensible rambling"). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *See id.* Plaintiff's pro se status does not relieve him of conformity to the pleading

> rules. *See, e.g., Romano v. U.S. Army Core of Eng'rs,* 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).No. 2:25-CV-1303 CSK P, 2025 WL 2687464, at *2 (E.D. Cal. Sept. 19, 2025).

*Arteaga v. Decker*, No. 2:25-CV-1303 CSK P, 2025 WL 2687464, at *2 (E.D. Cal. Sept. 19, 2025). *See also Eriksson v. City of Oregon City*, No. 3:26-CV-01885-IM, 2026 WL 2723308, at *2 (D. Or. Sept. 14, 2026) (it is a violation of Rule 8 to state "wrongs done to individuals not party to the suit," to include "extraneous details and allegations against individuals and corporations that are not defendants in the case," and to provide "significant background information").

In the amended complaint, Plaintiff must not include information that does not support the elements of his failure-to-protect claim against Carr. For example, it is unnecessary to discuss a sexual assault beyond the statute of limitations, inmates' general problems with the prison grievance system, activities of an officer named "Mac" who has worked for the IDOC for decades, Plaintiff's medical and addiction background, comments on whether life is fair, opinions about whether IDOC employees generally do their jobs properly, Plaintiff's parole and rehabilitation program history, Judge Mitchell's rulings in Plaintiff's criminal case, information about how Plaintiff's current boss treats him now that Plaintiff is on parole, allegations about persons who did not provide medical care to him after the incident, or stories about other inmates' injuries and deaths unless the facts are related to Plaintiff's claims against Carr. *See* Dkt. 2. Plaintiff is warned that inclusion of unnecessary information in the amended complaint, or inclusion of claims subject to issue or claim preclusion, will violate Rule 8 and this Order and will be independent cause for dismissal.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested that a pro bono attorney be appointed for him. Dkt. 3. However, he is not proceeding in forma pauperis. He is encouraged to attempt to find a civil rights attorney on a contingency or other basis to review his case. Presently, it is clear from Plaintiff's filings that he has the ability to file a civil rights complaint without the help of an attorney.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may not proceed. He must file an amended complaint, consistent with the instructions above, within **30 days** after entry of this Order. Failure to follow this Order or file a timely amended complaint will result in dismissal of this action without further notice.
2. The Motion for Appointment of Counsel (Dkt. 3) is DENIED.

DATED: September 24, 2026

David C. Nye
U.S. District Court Judge